(99 App. Div. 254)

### OATMAN v. WATROUS et al.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. BILL OF PARTICULARS—WHEN REQUIRED.
    Where the complaint in an action against executors to recover for wearing apparel furnished testator's wife alleged that plaintiff furnished the wearing apparel on information and belief that the woman was the wife of testator, defendants asking for a bill of particulars were entitled to be informed with respect to whether the alleged marriage was or was not a ceremonial one, together with the dates and places where the credit of the testator was specifically pledged to plaintiff for the goods.

2. SAME—ORDER—REQUISITES.
    An order directing plaintiff to furnish a bill of particulars granted under Code Civ. Proc. § 531, should state that, unless the particulars called for are furnished, plaintiff will be precluded from giving evidence on the trial, and should not direct the giving of the particulars in any event.

Appeal from Special Term, New York County.

Action by Rachel E. Oatman against Harry W. Watrous and another, executors of Walter W. Watrous, deceased. From an order directing plaintiff to furnish a bill of particulars, she appeals. Modified.

The complaint in the action alleged that plaintiff furnished wearing apparel to Mrs. Katherine Watrous, sometimes known as Katherine Ballou, and further alleged on information and belief that Katherine Watrous was the wife of the testator.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Franklin Pierce, for appellant.
D. P. Cobb, for respondents.

O'BRIEN, J. The plaintiff brought an action to recover from the executors of Walter W. Watrous, deceased, for dresses and wearing apparel furnished, as alleged, to his wife. The defendants demanded, in addition to the facts and items set forth in the complaint, a bill of particulars, and it is from the order made at Spe-

cial Term directing the plaintiff to serve upon the defendants such a bill that the plaintiff appeals.

The terms of the order are drastic, but considering the fact that defendants are executors, necessarily unfamiliar with the details of the transactions, we think that, to the extent that the plaintiff can furnish particulars, she should be required to do so. As to many of the items, it is evident that more definite information can be given as to the name or kind of the garment, and the materials of which it was made. So, too, the defendants are entitled to be informed with respect to whether the alleged marriage between the one to whom the articles were furnished and the defendants' testator was or was not a ceremonial one; and the dates and places where the credit of said Walter W. Watrous was specifically pledged to the plaintiff for said goods should be given, as required by the third paragraph of the order. It may be that a motion to make the complaint more definite and certain would have obviated the uncertainty as to the theory upon which the plaintiff is proceeding to hold the defendants liable, but the same end will be reached if the particulars are furnished as directed.

In order to prevent surprise upon the trial, the plaintiff should be required to make as full a disclosure to defendants of the facts upon which her claim is based as she is able; and the question of the extent to which she may be enabled to give all the particulars directed can only be determined when, after furnishing the bill of particulars, the question will arise either upon a motion for a further bill of particulars, or upon the trial of the action.

We think, however, that, pursuant to section 531 of the Code of Civil Procedure, the form of the order should be modified so that, instead of directing the particulars in any event to be furnished, which may be impracticable or impossible, there should be incorporated in the order a provision that upon failure to give such particulars the plaintiff will be precluded from giving evidence upon the trial. As the order stands, the failure to obey the direction of the court to furnish the information would seemingly leave the plaintiff in a position to be proceeded against as for a contempt, whereas the Code itself prescribed the penalty that, unless the particulars are furnished, the party refusing to furnish them shall be precluded from giving evidence of the account upon the trial.

The order should be modified accordingly, and, as so modified, should be affirmed, without costs. All concur.